# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| E. Scott Frison, Jr., Esq., et al. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CCB 03-CV 1303 |
| | ) | |
| EQUIFAX, et al | ) | |
| | ) | |
| Defendants | ) | |

**REPLY TO EQUIFAX'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN AND MOTION TO FILE A SECOND AMENDED COMPLAINT**

NOW COMES Lisa Ann Frison and E. Scott Frison, hereinafter "FRISON" in reply to the opposition to reopen the captioned case. FRISON respectfully requests that the Court take NOTICE that the Defendants were provided copies of the Motion, and the Second Amended Complaint with all Exhibits.[1]

The Defendants have opposed the motion to reopen but not the filing of the Second Amended Complaint and such filing should be considered as unopposed.

For the Court to DENY FRISON'S motion the Court would have to:

1. Disregard the requirement at the Fair Credit Reporting act that credit-reporting agencies correct inaccuracies in a consumer's credit file. EQUIFAX admitted on June 7, 2002 and again on February 19, 2003 that it had inaccurately reported the status of the Bank of America (NationsBanc Mortgage) and Chase Mortgage Accounts. See Ex. (s) 2 & 3 attached to the Second Amended Complaint. Yet EQUIFAX had not corrected the status as of October 28, 2003. See Ex. (s) 7 & 8 attached to the Second Amended Complaint.

---

[1] Copies were faxed to the Defendants two days prior to filing.

2. Disregard the EQUIFAX'S own admission that it knew that the accounts were being reported inaccurately yet took no action subsequent to the promise on June 7, 2002, the promise on February 19, 2003, or following the agreement entered into on October 28, 2003.  See Ex. (s) 9 & 9A attached to the Second Amended Complaint.

3. Disregard EQUIFAX'S refusal to correct inaccurate information although aware that its prior failure to do so cost FRISON two mortgages and that its current failure to do so would cost them to be denied a third mortgage.

4. Disregard the admitted correlation between accurate credit information and accurate credit scores.  Reciprocally where inaccurate credit information is the basis of the credit score it follows that the credit score is inaccurate.[2]

5. What brings the parties to this place began on October 28, 2003 when the parties were called before the Honorable Charles Day.  Mr. Sandy Baron represented EXPERIAN, Mr. Bruce Luckman represented TRANS UNION, and Mr. John Friedline represented EQUIFAX.  The agreement reached between the parties, Ex. (s) 9 & 9A, required the defendants to provide FRISON a copy of their credit report for correction.  FRISON would return the credit reports to the agencies and they would make changes that could be verified.

6. On or about October 28, 2003 FRISON received credit reports from EQUIFAX and TRANS UNION via facsimile.  FRISON received the credit report from EXPERIAN on or about November 2, 2003 via first class mail.

---

[2] FRISON believed then as they do now that a credit score calculated from inaccurate credit information gives rise to inaccurate credit scores.  Likewise when inaccurate information is removed from a credit file, the correction relates back to the initial entry of the inaccurate information and all credit scores computations must be calculated anew given the impact of the corrected information on the other prevailing issues of credit.  In the case of Bank of America (NationsBanc Mortgage) and Chase Mortgage the incorrect calculations go back to June 7, 2002.

7. FRISON was unable to immediately correct the credit reports and return them to the credit reporting agencies for two reasons:

a. The credit reporting agencies required documentation for each change requested and it took a day or so to compile the requested information.

b. Mr. E. Scott Frison, Jr. was appointed lead attorney in several consolidated cases styled:  Ex. Parte In the Matter of Shani Simpson, AD 408-02; In the Matters of Shani Simpson, N-419-00; Roshequa Simpson, N-420-00; and Cory Simpson, N-421-00; and In Matters of Shani Simpson, Roshequa Simpson, and Cory Simpson, DR-174-02.  The case was before the Honorable Arthur Burnett, Sr., Senior Judge, District of Columbia Superior Court.  The various issues in the cases had been pending procedurally for over three years and Judge Burnett was determined to render a verdict.  Trial in this matter lasted from November 3, 2003 to November 26, 2003.  Judge Burnett started early and ended late and no attorneys were excused.

c. Mr. Friedline was informed about Mr. Frison being in trial and used this time to do nothing towards correcting known inaccuracies in the FRISON'S file.

8. Mr. Friedline admits as he must that corrections were provided him on November 30, 2003, as were provided Mr. Baron and Mr. Luckman, both of whom coordinated the corrections to the FRISON'S credit files maintained by their clients.  Only Mr. Friedline took no action.

9. And most egregious is that when FRISON contacted EQUIFAX to explain the situation, the EQUIFAX agent agreed to make the corrections.  Mr. Friedline intervened and stopped to corrections from being timely made.

10. Mr. Friedline has used this case to act out his animus and hostility towards Mr. Frison.  He has ignored the clear mandate of the Fair Credit Reporting Act where it requires the maintenance of a process to identify, verify, correct and remove inaccurate information.

EQUIFAX had previously identified, verified and promised to correct the reported status of the Bank of America (NationsBanc Mortgage) and Chase Mortgage accounts. The intervention by Mr. Friedline to stop EQUIFAX from correcting inaccurate information it had previously promised to remove makes him liable under the Fair Credit Reporting Act as well as his client and the firm that failed properly supervise his actions in this jurisdiction.

11.  FRISON asks that the COURT GRANT their Motion to Reopen and Motion to file a Second Amended Complaint.

                                                    E. Scott Frison, Jr., Esquire
                                                    Bar # 15583